UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE MALDONADO,
    Plaintiff,

v.                                                            CASE NO.: 8:17-CV-00060-CEH-TBM

STONEWORKS OF MANATEE, LLC.
    Defendant
_____/

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Default Judgment Against Stoneworks of Manatee, LLC (Doc. 10). The defaulted Defendant has not responded in the time allowed. Because the affidavit before the Court lacks the requisite detail necessary to calculate damages, the Court will grant the Plaintiff's Motion for Default Judgment, in part.

**I.     PROCEDURAL HISTORY**

On January 9, 2017, Jose Maldonado ("Maldonado") filed a complaint to recover unpaid overtime compensation against Stoneworks of Manatee, LLC ("Stoneworks") under the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA"). Doc. 1. A summons was issued to Defendant Stoneworks of Manatee, LLC through its registered agent Justino Rodriguez. Doc. 2. On January 16, 2017, the affidavit of service was filed with the court showing service was executed on Aileen Rodriguez. Doc. 7. Stoneworks failed to plead or otherwise defend, and following a motion by Jose Maldonado, a Clerk's Default was issued against it on February 9, 2017. Doc. 9.

## II. FACTUAL ALLEGATIONS

On or about August 1, 2015, until about September 30, 2016, Jose Maldonado worked at Stoneworks as a stone fabricator and installer. Doc. 10-1[1] at ¶ 4. During this time, Plaintiff regularly worked over forty hours a week. *Id.* at ¶ 10, Doc. 1 at ¶ 9. Defendant never paid Maldonado overtime compensation for those hours worked over forty hours in willful violation of the FLSA. Doc. 10-1 at ¶ 6, Doc. 1 at ¶ 25. Defendant meets the standards for enterprise coverage under the FLSA because it has gross revenues of over $500,000 and works on or with goods that have been moved in or produced for commerce. Doc. 1 at ¶ 5-6. This Court has subject matter jurisdiction of this claim pursuant to 28 U.S.C. §1337. *Id. at* ¶ 4.

## III. DISCUSSION

### A. Standard of Review

The Federal Rules of Civil Procedure allow for a default judgment to be entered when "the party against whom a judgment… is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Thomas v. Bank of Am., N.A.*, 557 Fed. Appx. 873, 875 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief and jurisdiction is established. *See GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs*. 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). A well-pleaded complaint contains more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). There must be sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570).

---

[1] Affidavit of Jose Maldonado.

### B. Clerk's Default

The Federal Rules of Civil Procedure provide that a corporation is to be served pursuant to: 1) the laws of the state where the district court is located or where service is made; or 2) the methods of service provided in the Federal Rules of Civil Procedure. *Sanchez v. Grundy Pizza, Inc.*, No. 616CV596ORL31GJK, 2017 WL 693348, at *2 (M.D. Fla. Feb. 2, 2017), *report and recommendation adopted*, No. 616CV596ORL31GJK, 2017 WL 680066 (M.D. Fla. Feb. 21, 2017) (citing Fed. R. Civ. P. 4(h)(1)). Both the Federal Rules of Civil Procedure and Florida Statutes allow for a corporation to be served by serving the corporation's registered agent. Fed. R. Civ. P. 4(h)(1)(B); Fla Stat. §48.081(3)(a) (2016).

Here, the verified return of service indicates that on January 12, 2017, at 3:44 p.m. the process server served Aileen Rodriguez who is fifteen (15) years of age or older as daughter/co-resident of Justino Rodriguez at the address of 1427 23rd Ave E, Bradenton, FL 34208 within his usual place of abode. Doc. 7. It appears that the address for the registered agent is a private residence, and therefore, service on his daughter as a co-resident was proper. *See* Fla. Stat. §§ 48.081(3)(a); §48.031(1)(a).

On February 8, 2017, more than twenty-one days after service, Plaintiff moved for a Clerk's Default. The Defendant neither responded nor appeared in this action, thus the Clerk correctly entered the default on February 9, 2017. Fed. R. Civ. P. 55(a).

### C. FLSA Liability

Plaintiff initiated this suit against Stoneworks in Manatee County under a claim pursuant to 29 U.S.C. § 216. The FLSA provides that "an action to recover the liability… may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more

employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216 (b).

To establish a prima facie case under the FLSA, the Plaintiff must show: 1) the Defendant employed the Plaintiff, 2) the Defendant is an enterprise engaged in interstate commerce, 3) Plaintiff worked more than forty hours a week, and 4) the Defendant did not pay overtime compensation. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

### 1. The Defendant employed Plaintiff

As defined by the statute, and subject to certain exceptions not at issue here, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of "employer" is also broad and it encompasses both the employer for whom the employee directly works, as well as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* at § 203(d). Given the broad definition of "employer," an employee "may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

The pleadings clearly set out that the Defendant employed Plaintiff as a stone fabricator and installer. Doc. 1 at ¶ 1; *see also* Doc. 10-1 at ¶ 4. Plaintiff states that his normal wage was $19.00 per hour, or $760.00 a week. Doc. 10-1 at ¶ 5. Taking these allegations and averments as true, Plaintiff has demonstrated that he was employed by the Defendant. *Accord Sanchez*, 2017 WL 693348, at *4.

4

### 2. Defendant is an enterprise covered by the FLSA

To be eligible for overtime wages under the FLSA, an employee must demonstrate that she is covered by the FLSA. *Josendis*, 662 F.3d at 1298. An employee may show that she is covered under the FLSA's overtime provision by demonstrating one of the following: 1) she was engaged in commerce or in the production of goods for commerce (i.e., individual coverage); or 2) the employer was engaged in commerce or in the production of goods for commerce (i.e., enterprise coverage). *Id.* at 1298–99; 29 U.S.C. § 207(a)(1).

Plaintiff asserts enterprise coverage in this case. An enterprise is engaged in commerce or in the production of goods for commerce if it meets the following requirements:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)–(ii).

The Court cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually. *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 Fed. Appx. 802, 805 (11th Cir. 2008). However, if the complaint alleges that the gross annual revenues of the employer were over $500,000 that is enough for a court to make the determination on a motion for default judgment. *See Sanchez*, 2017 WL 693348, at *4.

Plaintiff alleges that the Defendant brought in goods moved or produced for commerce, specifically stones, granite, tools and equipment, and various other items from outside of Florida. Doc. 1 at ¶ 6. The Defendant is a stonework mill in the Manatee County area that produced stonework for businesses and residences. *Id.* The Defendant further alleges that the annual gross

revenues exceed $500,000. *Id.* Taken as true, these allegations show that the Defendant is an enterprise covered under the FLSA.

### 3. Plaintiff worked over forty hours per week

Plaintiff alleges that he worked in excess of forty hours a week. Doc. 1 at ¶¶ 10, 21. Plaintiff avers that he consistently worked seven hours of overtime every week. Doc. 10-1 at ¶ 6. Taken as true, these allegations show that Plaintiff worked in excess of forty hours a week for the Defendant.

### 4. Plaintiff did not receive overtime pay

Plaintiff further alleges that he never received overtime pay for the time he worked in excess of forty hours a week. Doc. 1 at ¶¶ 9, 11, 19, 21. Plaintiff was misclassified as a salaried employee, and received neither minimum wage nor premium wage for hours worked in excess of forty hours a week. *Id.;* Doc. 10-1 at ¶ 6. Taken as true, these allegations show that the Plaintiff was never paid the premium for the time worked in excess of forty hours a week.

Accepting the aforementioned allegations and averments as true, Plaintiff has shown that the Defendant violated the overtime provisions of the FLSA. Therefore, Plaintiff has established a claim for relief that is plausible on its face.

### D. DAMAGES

Under the FLSA, the Plaintiff is entitled to the premium rate of one and a half times his regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §207(a)(1). The plaintiff in an FLSA claim bears the burden of proving that he performed work for which he was not compensated. *Sanchez*, 2017 WL 693348, at *5. An affidavit may be used to establish a plaintiff's damages. *Id.* (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). Further in FLSA claims, employees who prevail are

entitled to liquidated damages unless the employer makes an affirmative showing that it acted in good faith. *Ojeda-Sanchez v. Bland Farms, LLC*, 499 Fed. Appx. 897, 902 (11th Cir. 2012) (citing *Dybach v. Fla. Dep't of Corrections*, 942 F.2d. 1562, 1566-1567 (11th Cir. 1991)). And in any action brought by an employee to enforce sections 206 and 207 of the FLSA, the Court shall "in addition to any judgment awarded to the plaintiff, allow … costs of the action." 28 U.S.C. §216(b).

Plaintiff claims to have worked for the Defendant from August 1, 2015 until September 30, 2016 and averaged seven hours of overtime per week. Doc. 10-1 at ¶ 6. In his affidavit, Plaintiff calculates his overtime wages as 143 weeks x 7 hours of overtime at a rate of $9.50 per hour for a total of $9,509.50. *Id*. at ¶ 8. The pleadings do not support 143 weeks of work. Based on the Court's calculations, the time lapse between the start and end of his employment is 61 weeks.

Although Plaintiff has established that he is entitled to damages, given the discrepancy in his damages calculation in the affidavit, Plaintiff has not established the amount to which he is entitled. "Damages may be awarded only if the record adequately reflects the basis for [an] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.' " *Adolph Coors Co.*, 777 F.2d at 1544 (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Plaintiff has not met this standard. Plaintiff also claims reasonable attorney's fees and costs. Doc. 1 at 4; Doc. 10-1 at ¶ 9. Having found that Plaintiff has demonstrated liability and entitlement to damages, although not the specific amount, the Court concludes that he is also entitled to costs and attorney's fees.

## IV. CONCLUSION

Plaintiff has established that Defendant Stoneworks willfully violated the FLSA overtime provisions. Plaintiff is thus entitled to an award of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs. But the Court lacks the necessary facts to award damages

7

on this record. Because the Court cannot ascertain the amount of damages on the current pleadings, the Court will grant Plaintiff's motion as to liability and find entitlement to damages, including unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs. Within fourteen (14) days, Plaintiff may file a supplemental memorandum and affidavits to establish the amount of damages.

Accordingly it is

**ORDERED** as follows**:**

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 10) is **GRANTED** as to liability. Additionally, the Court finds that Plaintiff is entitled to damages as to unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

2. Within **FOURTEEN (14)** days, Plaintiff may file a supplemental memorandum and affidavits to establish the amount of damages to which he is entitled.

**DONE AND ORDERED** in Tampa, Florida on August 21, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record and Unrepresented Parties, if any